IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESUS RUIZ,

                       Petitioner,

    v.                                                           OPINION & ORDER

L. WILLIAMS,                                           15-cv-372-jdp

                       Respondent.

---

In 1998, pro se petitioner and federal prisoner Jesus Ruiz was convicted of various crimes related to a scheme to kidnap individuals and then hold them for ransom to pay off drug debts the victims allegedly owed. In this petition for a writ of habeas corpus under 28 U.S.C. § 2241, Ruiz is raising the following claims: (1) the sentencing court erred in giving him life sentences under 18 U.S.C. §§ 1201 and 1203 because the jury did not determine that his conduct was the "but for" cause of the death of one of the victims; (2) his racketeering conviction is invalid because the jury was not properly instructed on the elements;[1] and (3) his convictions for using a firearm are invalid because the jury was not required to find that he knew that his codefendants intended to use firearms. The petition is fully briefed and ready for the court's review. I will deny the petition because each of Ruiz's claims fails on either procedural or substantive grounds.

Four other motions, all filed by Ruiz, are also before the court: (1) a motion for leave to file supplemental authority, Dkt. 13; (2) a motion for leave to supplement the petition, Dkt. 14; (3) a motion to compel the release of evidence, Dkt. 16; and (4) a motion for leave

---

[1] I did not identify this as a separate claim in the Rule 4 screening order. But both sides assume in their briefs that the claim is part of the case, so I will consider it now.

to modify the motion to compel, Dkt. 22. The first two motions are more accurately called supplemental briefs. Ruiz doesn't raise new claims, just new and more fully developed arguments. I will allow the briefs, but they make no difference to the outcome of the petition. The second two motions have nothing to do with the issues raised in Ruiz's § 2241 petition. Rather, they are requests to obtain new evidence to prove Ruiz's innocence. Because Ruiz's requests are outside the scope of his petition and he cites no authority for the requests, I will deny them.

BACKGROUND

In 1996, Ruiz and three others were charged in the Northern District of Illinois with various crimes related to four kidnappings. The government alleged that all four victims were kidnapped because the defendants believed them to owe, or to be related to someone who owed, debts connected with cocaine trafficking. One of the victims, Jamie Estrada, died after receiving a gunshot wound inflicted by one of Ruiz's codefendants.

Ruiz's 11-count indictment included the following charges:

1) one count of operating a criminal enterprise that engaged in a conspiracy to kidnap and hold victims for ransom, in violation of 18 U.S.C. § 1962(d);

2) four counts of hostage taking, in violation of 18 U.S.C. § 1203(a);

3) one count of conspiring to commit kidnapping, in violation of 18 U.S.C. § 1201(c);

4) one count of kidnapping, in violation of 18 U.S.C. § 1201(a);

5) one count of assault of a law enforcement officer, in violation of 18 U.S.C. § 111;

6) one count of using a firearm during the conspiracy to take a hostage, in violation of 18 U.S.C. § 924(c)(1);

7) one count of using a firearm during a kidnapping, in violation of 18 U.S.C. § 924(c)(1); and

8) one count of using a firearm during the assault of a law enforcement official, in violation of 18 U.S.C. § 924(c)(1).

The charges relevant to this petition are hostage taking under § 1203(a), kidnapping under § 1201(a), and using a firearm under § 924(c). The jury convicted Ruiz on all counts.

The trial court sentenced Ruiz to life for the kidnapping, hostage taking, and racketeering convictions; 20 years for using a firearm during the kidnapping; 20 years for using a firearm during the assault; and five years for using a firearm during the conspiracy. The life sentences were concurrent and the other sentences were consecutive.

Ruiz and his codefendants appealed the convictions, contending that the indictment did not sufficiently allege the elements for the racketeering charge; the evidence was insufficient to support a finding of racketeering; the trial court erred by refusing to ask specific questions concerning possible juror prejudice against illegal immigrants; and the trial court erred by failing to hold a pretrial evidentiary hearing concerning out-of-court identifications. The court of appeals rejected all of the contentions and affirmed the convictions. *United States v. Torres*, 191 F.3d 799 (7th Cir. 1999).

In 2001, Ruiz and his codefendants filed a motion under 28 U.S.C. § 2255, challenging their convictions on the following grounds: (1) their indictments were constructively amended and improperly broadened; (2) the trial court violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by failing to require the jury to determine whether Estrada's murder was first or second degree for sentencing purposes, and because the jury was not required to determine whether the defendants acted "willfully" or "knowingly" in Estrada's death; (3) the evidence against Ruiz was insufficient on all counts;

and (4) trial counsel was ineffective for failing to present voiceprint, identification and handwriting experts. The district court rejected each contention and denied the motion. *Ruiz v. United States*, 447 F. Supp. 2d 921 (N.D. Ill. 2006). And the Seventh Circuit denied Ruiz's request for a certificate of appealability.

In 2014, Ruiz, now acting pro se, filed a motion to reopen the § 2255 proceedings, arguing among other things that his postconviction counsel had been ineffective for failing to challenge his hostage taking and kidnapping convictions under *Jones v. United States*, 526 U.S. 227 (1999), on the ground that the jury was not required to find that Estrada's death resulted from those crimes. The court concluded that Ruiz had forfeited his claim under *Jones* by failing to raise it sooner, and that ineffective assistance of counsel did not provide cause for the delay because prisoners do not have a constitutional right to counsel in the context of a § 2255 motion. *Ruiz v. United States*, No. 01 cv 1191 (N.D. Ill. Mar. 27, 2014), Dkt. 92.

In June 2014, Ruiz filed a request with the Seventh Circuit to file a successive § 2255 motion, relying on *Burrage v. United States*, 134 S. Ct. 881 (2014), *Rosemond v. United States*, 134 S. Ct. 1240 (2014), and *Alleyne v. United States*, 570 U.S. 99 (2013). The court denied Ruiz's request, concluding that none of these decisions entitled Ruiz to relief and that Ruiz's claim under *Burrage* and *Alleyne* was barred under § 2244(b)(1).

In January 2016, Ruiz filed another motion in the Northern District of Illinois to reopen the § 2255 proceedings, but the court denied it as untimely. *Ruiz*, No. 01 cv 1191, Dkt. 112. In February 2016, Ruiz filed a new § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2251 (2015), but the court denied the motion, concluding that any error was harmless. *Ruiz v. United States of America,* No. 16 cv 2251 (N.D. Ill. Dec. 21, 2017), Dkt. 18.

ANALYSIS

A. Requirements for bringing a § 2241 petition

A prisoner may not bring a habeas petition under § 2241 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To satisfy § 2255(e), a prisoner must show the following things: (1) he is seeking correction of a fundamental defect in his conviction or sentence (such as a claim of actual innocence); (2) his petition is based on a new rule of statutory law not yet established at the time he filed his first § 2255 motion; (3) the new rule applies retroactively; and (4) he either raised the issue on direct appeal or in a § 2255 motion or the issue was foreclosed by controlling precedent at the time. *Light v. Caraway*, 761 F.3d 809, 812–13 (7th Cir. 2014); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007); *United States v. Prevatte*, 300 F.3d 792, 799–800 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998). I will consider these requirements in the context of each of Ruiz's claims.

B. "Death results"

Ruiz was convicted of both kidnapping under 18 U.S.C. § 1201(a) and hostage taking under 18 U.S.C. § 1203(a). Under both statutes, "if the death of any person results, [the defendant] shall be punished by death or life imprisonment." In this case, the trial court concluded that both the kidnapping and the hostage taking "resulted in the death of Jamie Estrada [one of the kidnapping victims]," and the court imposed life sentences for both convictions. Dkt. 11-3, at 94–95.

In the screening order, I understood Ruiz's challenge to this part of the sentence to be limited to a contention that the jury rather than the court should have determined whether

the sentencing enhancement should apply. But in one of Ruiz's later briefs, he also appears to be contending that §§ 1201(a) and 1203(a) require a finding that the crime at issue was the "but for" cause of the victim's death. I will consider both issues.

Ruiz relies on *Burrage v. United States*, 134 S. Ct. 881 (2014), in which the defendant was convicted of distributing heroin and received a sentence enhancement under 21 U.S.C. § 841(b)(1)(C), which applies "if death or serious bodily injury results from the use of [the distributed] substance." The question before the Supreme Court was whether the district court had erred by instructing the jury that it could find the defendant guilty if using heroin was "a contributing cause" of the victim's death. *Burrage*, 134 S. Ct at 886. The Court held that the ordinary meaning of the phrase "results from" requires "but for" causation, at least when the use of the controlled substance was not an "independently sufficient" cause of the death. *Id.* at 889–91. In other words, § 841(b)(1)(C) generally requires proof "that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct." *Id.* at 887–88.

I agree with the government that *Camacho v. English*, 872 F.3d 811 (7th Cir. 2017), is dispositive on both issues that Ruiz is raising under *Burrage*.[2] First, the court of appeals recognized in *Camacho* that *Burrage* did not create a new rule of statutory interpretation that a jury must decide any fact that increases the minimum and maximum sentences. Rather, that "concept . . . flows from *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000),] and *Alleyne* [*v. United States*, 570 U.S. 99 (2013)]; *Burrage* merely applied it to the Controlled Substances Act."

---

[2] In the order denying Ruiz's request to file a successive § 2255 petition in light of *Burrage*, the court of appeals stated that "the jury in fact found that the death of Jamie Estrada . . . resulted directly from the kidnapping scheme." Dkt. 12-13, at 2. The basis for that conclusion is not clear from the court's opinion or the parties' materials in this case, but I need not consider that issue because *Camacho* is dispositive for other reasons.

6

Ruiz did not raise a claim in his § 2241 petition under *Apprendi* or *Alleyne*, but even if he had, he could not prevail on such a claim "[b]ecause neither *Alleyne* nor *Apprendi* has been found to be retroactive on collateral review." *Camacho*, 872 F.3d at 814. In his brief discussing *Camacho*, Ruiz does not even attempt to distinguish the court's holding on this issue.

This leaves the question whether Ruiz is entitled to relief under the holding in *Burrage* that the phrase "results from" in § 841 requires proof of "but for" causation. That holding *is* retroactive, *Prevatte v. Merlak*, 865 F.3d 894, 898 (7th Cir. 2017), so Ruiz has satisfied that requirement. But *Burrage* does not help Ruiz. As an initial matter, Ruiz does not cite any portion of the sentencing transcript in which the sentencing court rejected a view that § 1201(a) and § 1203(a) require proof of "but for" causation. Rather, the court simply echoed the language in the statute when it stated that Ruiz's crimes "resulted in the death of Jamie Estrada." Even if I assume that the court should have determined specifically that the kidnapping and hostage taking were the "but for" cause of Estrada's death, Ruiz identifies no reason why he could not have raised a sufficiency of the evidence challenge to the court's finding on direct appeal or in a motion under 28 U.S.C. § 2255. He cites no authority that would have foreclosed such a claim at the time.

In any event, even if I assume that Ruiz could not have raised this issue before, the court of appeals stated in *Camacho* that it was "not persuaded that *Burrage*'s 'but-for' causation requirement applies to 18 U.S.C. § 1201(a)." *Camacho*, 872 F.3d at 814. This is because § 841 applies to a death that results *from* a crime, but § 1201(a) applies "if the death of any person results." Because "the specific cause of death is immaterial [under § 1201(a)] . . . , but-for causation is incompatible with the statutory goal of § 1201(a)." *Id.* Because the

7

relevant language in § 1203(a) is identical to § 1201(a), the court's discussion would apply equally to both statutes.

Ruiz resists this conclusion on three grounds. First, he says that *Camacho* is distinguishable because "Camacho was not arguing that there were multiple factors playing contributing roles in causing the victim's death. Nor was he arguing that he was actually innocent of the underlying kidnapping." Dkt. 21, at 3. But both of those contentions are irrelevant. The holding in *Camacho* was that § 1201(a) does not require proof of causation, so it does not matter how many potential causes may have been involved. And Ruiz's contention that he is actually innocent of the kidnapping is outside the scope of his § 2241 petition. *Burrage* has nothing to do with that issue.

Second, Ruiz observes correctly that the Seventh Circuit's discussion of § 1201(a) was not necessary to the result in *Camacho* because the petitioner "was not sentenced pursuant to the 'death results' provision in 18 U.S.C. § 1201(a); he was sentenced pursuant to the cross-reference provision for murder contained in U.S.S.G. § 2A4.1(c)," which "does not contain the 'death results' language at issue in *Burrage*." *Camacho*, 872 F.3d at 814. Although the court of appeals's discussion of § 1201(a) may have been dicta, it was "considered dicta," which generally "provides the best, though not an infallible, guide to what the law is, and it will ordinarily be the duty of a lower court to be guided by it." *Reich v. Continental Casualty Co.*, 33 F.3d 754, 757 (7th Cir. 1994). Thus, this court would not disregard dicta in a Seventh Circuit opinion without a strong reason for doing so and Ruiz does not provide one.

This leads to Ruiz's final ground for contending that § 1201(a) and § 1203(a) require proof of "but for" causation. Ruiz cites a treatise that includes amended instructions for § 1201(a) and § 1203(a) and he points out that the amended versions require proof of "but

8

for" causation. Leonard B. Sand, et al., *Modern Federal Jury Instructions—Criminal*, ¶¶ 42.01 and 42.02 (2017). But those instructions are simply model jury instructions; they are not binding on the courts. And they are not persuasive in this case. The comments to the instructions cite *Burrage* as the reason for the amendment, but they do not address the textual difference between § 841 and the other two statutes that is discussed in *Camacho*.

In sum, I reject Ruiz's contention that he is entitled to relief under § 2241 in light of *Burrage*, for reasons both procedural and substantive.

## C. Instructions for racketeering conviction

The jury instructions for Ruiz's racketeering conviction required the government to prove that Ruiz "agreed that some member of the conspiracy would commit at least two acts of racketeering activity described in Count One." Dkt. 11-2, at 19. The acts included kidnapping, extortion, and felony murder, as those acts are defined under Illinois law. *Id.* at 20.

Ruiz contends that the instructions setting forth the elements for felony murder were invalid under *Burrage* because "the [trial court] failed to require the jury to find causation and malice aforethought as [e]ssential [e]lements that needed to be proven beyond a reasonable doubt, though it was required under Illinois law pursuant to 720 ILCS 5/9-1." Dkt. 4, at 20–21. The above sentence reveals the basic flaw in Ruiz's argument. *Burrage* relates to the elements of certain crimes related to drug distribution under *federal* law. The case has nothing to do with the elements of any crime under *Illinois* law. That is a matter for the Illinois legislature and judiciary to decide. If the trial court erred in instructing the jury regarding the elements of a state law crime, that was an issue that Ruiz could have raised at the time. *Burrage* did not and could not have changed the scope of a state law crime. Thus, this claim

fails, both because it is not based on a new rule of federal statutory law and because Ruiz could have raised the claim on direct appeal.

**D. Use of a firearm**

Ruiz was convicted of using a firearm during a conspiracy to commit a hostage taking, using a firearm during a kidnapping, and using a firearm during an assault of an officer, in violation of 18 U.S.C. § 924(c). He contends that the convictions are invalid under an aiding and abetting theory in light of *Rosemond v. United States*, 134 S. Ct. 1240 (2014), because the jury was not required to find that he knew that his codefendants intended to use firearms.

In its order denying Ruiz's request to file a successive § 2255 motion, the Seventh Circuit stated that *Rosemond* did not apply because he was not convicted under an aiding and abetting theory. Rather, "Ruiz personally used a gun during the kidnappings: he held a cocked gun to the head of at least one kidnapped victim." Dkt. 12-13, at 2. Ruiz says that the conduct discussed by the court of appeals relates to a "non-charged allegation" that is "unsubstantiated and concerns a kidnapping unchallenged in the instant petition." Dkt. 12, at 21. Ruiz's objection is confusing. Ruiz *was* charged with using a gun; those are the very convictions he is challenging under *Rosemond*. The kidnapping conviction is separate from the weapons charge. And in the § 2255 proceedings, the court cited testimony from a victim that Ruiz had used a gun, so the allegation was substantiated. *Ruiz*, 447 F. Supp. 2d at 923. That being said, neither the court of appeals nor the government has explained how Ruiz's own conduct could provide the basis for the conviction that Ruiz used a gun in the context of assaulting an officer.

Regardless, Seventh Circuit law forecloses this claim as well. In *Montana v. Cross*, 829 F.3d 775, 783–84 (7th Cir. 2016), the court held that *Rosemond* applies retroactively, but it

affirmed the denial of a § 2241 petition because *Rosemond* was not inconsistent with the law in the Seventh Circuit at the time the petitioner filed his direct appeal in 1998 and § 2255 motion in 2001. Rather, under *United States v. Woods*, 148 F.3d 843 (7th Cir. 1998), and *United States v. Taylor*, 226 F.3d 593 (7th Cir. 2000), the petitioner could have challenged his conviction on the same ground later recognized in *Rosemond.*

As noted above, a petitioner may not bring a claim under § 2241 unless "[i]t would have been futile to raise a claim in the petitioner's original section 2255 motion, as the law was squarely against him." *Montana*, 829 F.3d at 784 (internal quotations omitted). Because the court of appeals has held that circuit law was *not* squarely against Ruiz in 2001 when he filed his § 2255 motion, Ruiz's claim under *Rosemond* fails.

Ruiz says that *Montana* does not apply because the petitioner in that case "did not argue a claim of actual innocence and thus his argument was subject to procedural default." Dkt. 12, at 20. But that is incorrect on two counts. First, the claim in *Montana* was the same as Ruiz's claim in this case, which is that he was actually innocent of violating § 924(c) because he did not know that an accomplice was going to use a firearm. 829 F.3d at 778. Second, there is no "actual innocence" exception in the context of a § 2241 petition for a petitioner's failure to raise an available claim earlier. As the court of appeals has stated many times, a § 2241 petitioner most show *both* actual innocence (or some other "fundamental defect") *and* that he was unable to bring his claim in a § 2255 motion. *Light*, 761 F.3d at 812–13; *Hill*, 695 F.3d at 648; *Morales*, 499 F.3d at 672; *Prevatte*, 300 F.3d at 799–800; *Davenport*, 147 F.3d at 610–11. The case Ruiz cites, *Bousley v. United States*, 523 U.S. 614, 622 (1998), relates to a § 2254 petition, which has a different legal standard.

11

Alternatively, Ruiz says that the government "waived" its "right to argue any procedural default per this Court's Order of July 8, 2016, at 4." Dkt. 12, at 20. That is also incorrect. As an initial matter, it is not the government's burden to show that Ruiz could have raised this claim earlier. Rather, *Ruiz* "must demonstrate . . . that the new rule . . . could not have been invoked in his earlier proceeding." *Camacho*, 872 F.3d at 813. In any event, the order he cites says nothing about the government waiving or forfeiting any arguments. Ruiz may be referring to the schedule set in the July 2016 order in which I gave the government the opportunity to file an early motion to dismiss on procedural grounds. Dkt. 5, at 7. Although the government did not file a motion to dismiss, I did not say that the government was required to file such a motion in order to preserve an argument. Rather, the government was free to raise any substantive or procedural argument in its response to the petition. Thus, even if the government could have waived this issue, there was no waiver. Under *Montana*, Ruiz is not entitled to relief.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But "federal prisoners proceeding under § 2241 need not obtain a certificate of appealability," *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n.3 (7th Cir. 2015), so I do not need to decide whether Ruiz is entitled to a certificate.

ORDER

IT IS ORDERED that:

1. Jesus Ruiz's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. Ruiz's motion for leave to file supplemental authority, Dkt. 13, and motion for leave to supplement the petition, Dkt. 14, are GRANTED.

3. Ruiz's motion to compel the release of evidence, Dkt. 16, and motion for leave to modify the motion to compel, Dkt. 22, are DENIED.
4. The clerk of court is directed to enter judgment in favor of respondent L. Williams and close this case.

Entered January 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge